**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | 3:04cr250 |
| v. | : | (Judge Munley) |
| **ROBERT CARRIGAN,** **Defendant** | : | |

## MEMORANDUM

Before the court is Petitioner Robert Carrigan's "Motion to Modify Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)" on remand from the Third Circuit Court of Appeals. (Docs. 315, 351). We directed the parties to brief the motion in light of the Third Circuit vacating the previously imposed judgment denying Carrigan's motion. Having been fully briefed, the motion is ripe for disposition. After consideration of the Supreme Court's decision in Freeman v. United States, -- U.S. --, 131 S. Ct. 2685 (2011), we will again deny Carrigan's motion to reduce his sentence.

**Background**

On November 17, 2005, Petitioner Robert Carrigan ("Carrigan") pleaded guilty to Count I of the indictment, charging him with conspiracy to distribute more than 50 grams of cocaine base ("crack cocaine") and more than 500 grams of cocaine in violation of 21 U.S.C. § 846. (Doc. 233). Carrigan and the Government entered into a plea agreement made pursuant to Federal Rule Criminal Procedure 11(c)(1)(C), which states, "[f]or the reasons and under the authority set forth in paragraph 12 of this agreement, the defendant and the government agree that the appropriate sentence for the offense is imprisonment for a period of 110 months." (Plea Agreem. ¶ 4 (Doc. 228)). Paragraph 12 of the agreement provides that Carrigan agreed to cooperate with the Government and provide substantial assistance. (Id. ¶ 12). The Court accepted the plea, ordered a

pre-sentence investigation and scheduled a sentencing hearing. (Pre-sentence Investigation Report ("PSR") ¶ 4).

The completed Pre-Sentence Investigation Report provided that Carrigan's total offense level was a 34, based on his status as a career offender, drug quantity and a three-level reduction for acceptance of responsibility.[1] (PSR ¶ 63). Due to Carrigan's status as a career offender he also had a criminal history category of VI.[2] (Id. ¶¶ 64, 92). His offense level and criminal history category resulted in a guideline range of 262 to 327 months imprisonment. (Id. ¶ 120).

On February 16, 2006, this court sentenced Carrigan to 110 months imprisonment as provided by the plea agreement. (Sent. Trans. at 1, 9 (Doc. 354)). We noted that had the plea agreement not existed, Carrigan would be facing a sentence anywhere from twenty-two (22) to twenty-seven (27) years imprisonment, which was the sentencing range derived from the Pre-Sentence Report. (Id. at 6; PSR ¶ 120). The government explained that the reason for the recommended sentence in the plea agreement was Carrigan's cooperation. (Sent. Trans. at 3 (Doc. 354)). The court found that the sentence in the plea agreement satisfied all the purposes set forth in 18 U.S.C. § 3553(a) and was reasonable in light of the circumstances in the case. (Id. at 5).

---

[1] Carrigan had at least two prior felony convictions for either crimes of violence and/or two controlled substance offenses and, therefore, was classified as a Career Offender. (PSR ¶ 16); see U.S.S.G. § 4B1.1 (2011).

[2] If the offense level under the career offender table is greater than the offense level otherwise applicable, such as found in the Crack Cocaine Guidelines, then Career Offender Guidelines will apply and the defendant will receive the higher offense level. U.S.S.G. § 4B1.1(b).

2

On November 1, 2007, the United States Sentencing Commission amended the Federal Sentencing Guidelines to lower the applicable guideline range for offenses involving "crack cocaine."  See U.S.S.G. App. C, Amdt. 706.  In December 2007, the United States Sentencing Commission promulgated an amendment, which authorizes a court to reduce a previously imposed term of imprisonment pursuant to Section 3582(c)(2) in cases involving crack cocaine offenses where the applicable guideline range has been lowered.

Pursuant to the amended guidelines, Carrigan filed a "Motion to Modify Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)" on January 28, 2009.  (Doc. 315).  Carrigan argued that he was entitled to reduce his offense levels by two levels as allowed by the amendment.  Id.  On April 22, 2009, this court denied the motion.  (Doc. 323).  We concluded that there was no change between the previous and amended guideline ranges because Carrigan was classified as a career offender.  As Carrigan was sentenced to a 110 months imprisonment, we noted that his sentence "was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range." (Id.)  Carrigan's guideline range was not lowered by Amendments 706, 711 and 715.  Id.  We also explained that Carrigan was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement and, therefore, he was ineligible for a sentence reduction under Section 3582(c)(2).[3]  (Id.)

---

[3] This ruling was made pursuant to the holding in United States v. Sanchez which denied sentencing reductions under Section 3582(c)(2) to defendants who had Rule 11 plea agreements.  United States v. Sanchez,

3

Carrigan appealed our decision to the Third Circuit Court of Appeals. (Doc. 324). On June 2, 2010, the Third Circuit granted the Government's motion for summary action. (Doc. 345). Carrigan subsequently appealed that order to the United States Supreme Court. On June 23, 2011, the Supreme Court issued its opinion in Freeman v. United States, which allowed defendants who entered into plea agreements a sentencing reduction under Section 3582(c)(2). 131 S. Ct. at 2693 (plurality opinion). The Supreme Court granted *certiorari* to Carrigan's case and vacated the Third Circuit order. It remanded the case back to the Third Circuit for further consideration in light of the Freeman decision. Carrigan v. United States, 131 S. Ct. 3089 (2011). On December 7, 2011, the Third Circuit found that Carrigan's case would more appropriately be addressed by the district court and remanded the case to this court. United States v. Carrigan, No. 09-2391, 2011 WL 4582583, at *2 (3d Cir. Oct. 5, 2011).

On February 2, 2012, this court directed the parties to brief the issue presented by the Third Circuit's opinion vacating the previously imposed judgment. (Doc. 351). The parties submitted their briefs, bringing the case to its present posture.

**Legal Standard**

Under Section 3582(c)(2), a district court may modify a defendant's term of imprisonment, if that term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they

---

562 F.3d 275, 279 (3d Cir. 2009). This reasoning was overruled by Freeman v. United States, 131 S. Ct. 2685 (2011), a decision that we will address later in this memorandum.

are applicable, if a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Thus, there are two requirements that must be satisfied for a district court to reduce a sentence: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered; and (2) the sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009).

     A sentence reduction based on a retroactive amendment is not consistent with the policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011).  If the court finds that a reduction is warranted, it may exercise its discretion, "'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' . . . as well as the factors contained in the commentary to the Commission's policy statements . . . ." United States v. Flemming, 617 F.3d 252, 257 (3d Cir. 2010) (citations omitted).

     Prior the Supreme Court's ruling in Freeman, the Third Circuit held that where a sentence is based on a Rule 11(c)(1)(C) plea agreement ("C agreement") the defendant is ineligible for a reduction under Section 3582(c)(2).  United States v. Sanchez, 562 F.3d 275, 279-82 (3d Cir. 2009).  In Freeman, a plurality of the Supreme Court rejected this categorical approach and found that a district court has the authority to entertain a motion to reduce sentence even when the defendant enters into a C agreement.  Freeman, 131 S. Ct. at 2693 (plurality opinion).  The

plurality found that the district court's decision to accept the agreement and impose the sentence "is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." Id. at 2695 (plurality opinion).

Justice Sotomayor, concurring in judgment, provided for a small category of defendants that are eligible for a reduction. She found that sentences following C agreements are based on the agreement rather than a Guideline range. Id. at 2696 (Sotomayor, J., concurring). The fact that the district court uses "the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range." Id. She also added that the mere fact that the parties may consider or reference the applicable Guidelines during the negotiation of a plea agreement does not mean that the Guidelines were used to establish a term of imprisonment. Id. at 2697.

Justice Sotomayor found that a limited number of defendants, those who had C agreements expressly "based on" a Guideline range, are eligible for a reduction under Section 3582(c)(2). Id. at 2695. If it is evident from the plea agreement that the parties intended to base the term of imprisonment on the amended Guidelines, then the defendant's term is eligible for a reduction. Id. at 3697-98. The district court must determine whether the amended range serves as "the basis or foundation" to the agreed upon term of imprisonment. Id. Justice Sotomayor's concurrence is the narrowest grounds for the decision and is therefore the controlling

holding.[4]

After ruling on the method of determining whether a plea agreement is based on the guidelines, Justice Sotomayor used the two conditions of Section 3582(c)(2) in finding that the defendant in Freeman was eligible for a sentencing reduction. Id. at 2699-2700. First, she found Freeman's term of imprisonment, as established in the plea agreement, was "based on" a guideline sentencing range. Id. at 2700. Next, she found "that the Guidelines sentencing range originally used to establish Freeman's term of imprisonment 'has subsequently been lowered by the Sentencing Commission,' § 3582(c)(2), such that the amendment 'ha[s] the effect of lowering [Freeman's] applicable guideline range.'" Id. (quoting U.S.S.G § 1B.1.10(a)(2(B)) (alterations in original). Finding that both requirements

---

[4] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" Marks v. U.S., 430 U.S. 188, 993 (1977) (citation omitted). Justice Sotomayor's concurrence is the narrowest holding in comparison to the plurality's reasoning. Other courts have also found Justice Sotomayor's opinion to be the controlling opinion. See U.S. v. Keith, No. 04-354, 2012 WL 253103, at *2 (E.D. Pa. Jan 26, 2012); U.S. v. Ware, No. 08-625-01, 2012 WL 38937, at *7 (E.D. Pa. Jan 9, 2012); U.S. v. Darby, No. 06-220-1, 2012 WL 74966, at *3 n.4 (E.D. Pa. Jan. 6, 2012).

A substantial portion of Carrigan's argument focuses on Justice Kennedy's plurality decision and the district court's application of the Sentencing Guidelines to a plea agreement. Justice Kennedy's analysis is not binding on the court. As we will follow Justice Sotomayor's concurrence, we will not address our consideration of the Sentencing Guidelines at the sentencing hearing. Justice Sotomayor found that the sentence imposed following a plea agreement is based on the agreement rather than the district court's consideration of the Sentencing Guidelines. Freeman, 131 S. Ct. at 2696 (Sotomayor, J., concurring).

7

were satisfied, Justice Sotomayor concluded that Freeman was eligible for a sentencing reduction.  Id.

**Discussion**

In the instant case, Carrigan argues that the sentence in his plea agreement was "based on" the amended Crack Cocaine Guidelines subsequently lowered by the Sentencing Commission and is eligible for a reduction under Section 3582(c)(2).[5]  He claims that his term of imprisonment of 110 months "was not simply pulled out of a hat, like a rabbit, but rather it was the parties' reasoned determination of the appropriate application of the Sentencing Guidelines."  (Def. Br. at 2 (Doc. 353)).  Carrigan claims that he and the Government arrived at this term based on the offense level calculated by more than 50 grams but less than 150 grams of crack cocaine and more than 500 grams but less than 2 kilograms of cocaine.  (Id. at 2-3).  They also agreed that Carrigan should receive a three-level reduction for accepting responsibility and a downward departure for cooperation if merited.  (Id.)  Furthermore, Carrigan explains that he was a career offender and that all of the material parts of the Pre-Sentence Report were adjusted accordingly.  (Id.)  He requests that the court should reduce his sentence to not more than 92 months to reflect the

---

[5]  The court construes Carrigan's motion as requesting a sentence reduction under Amendment 706 despite his failure to rely on a specific amendment.  The Government argues that Amendment 750 "does not apply to cases, such as this one, where the guideline range is unchanged by Amendment 750."  (Government's Br. at 1 (Doc. 352)).  While the parties may be referencing different amendments, we find that the parties' overall arguments are directed towards the same issue of whether Carrigan is eligible for a sentencing reduction due to the amendments to the crack cocaine guidelines.

two-level reduction provided by the amended guidelines.

The Government contends that the amended Crack Cocaine Guidelines are inapplicable to Carrigan's sentence. It argues that Carrigan's sentence was based upon his status as a career offender and he was sentenced pursuant to the Career Offender Guidelines U.S.S.G. § 4B1.1. Therefore, the amended guidelines do not have the effect of lowering Carrigan's guideline range and would not be consistent with the policy statements under Section 3582(c)(2). If the retroactive crack amendment was in effect at the time of Carrigan's sentencing, the Government further argues that the guideline range would be the same due to Carrigan's status as a career offender.

Carrigan's motion presents an issue not directly addressed by Freeman, although Justice Sotomayor's concurrence is relevant to the analysis of Carrigan's plea agreement. Carrigan was sentenced pursuant to a C agreement for an offense involving crack cocaine. As stated in Justice Sotomayor's concurrence, his plea agreement does not foreclose his eligibility for a sentence reduction under Section 3582(c)(2). Instead, if the term of imprisonment in the plea agreement was "based on" the amended guidelines, then Carrigan is eligible for a sentence reduction. However, the Government contends that Carrigan's term of imprisonment was based on the Career Offender Guidelines, not the amended Crack Cocaine Guidelines. Therefore, in light of the Freeman decision and under the requirements of Section 3582(c)(2), we must determine the eligibility of a career offender sentenced pursuant to a plea agreement for an offense involving crack cocaine.

The Third Circuit has held that career offenders are not eligible for a

sentence reduction if their sentence was based on the Career Offender Guidelines. In United States v. Mateo, the Third Circuit found a defendant who pled guilty to a crack cocaine offense, but was sentenced pursuant to the Career Offender Guidelines, is not eligible for a sentence reduction. 560 F.3d 152, 154-55 (3d Cir. 2009). The Court found that Section 3582(c)(2) only allows for a sentence reduction if the amended guideline has the effect of lowering the sentencing range actually used at the sentencing. Id. Because the crack cocaine amendment did not lower the defendant's sentencing range due to his status as a career offender and the court used the Career Offender Guidelines, he could not seek a sentence reduction under Section 3582(c)(2). Id. "'Amendment 706 simply 'provides no benefit to career offenders.'" Id. (citation omitted).

However, in United States v. Flemming, the Third Circuit found that a career offender who is granted a downward departure and sentenced pursuant to the Crack Cocaine Guidelines range is eligible for a sentence reduction under Section 3582(c)(2). 617 F.3d 252, 2 (3d Cir. 2010). At sentencing, the district court found that the defendant was a career offender, but used the Crack Cocaine Guidelines to determine his sentence because the career offender enhancement overstated the seriousness of his criminal history. Id. at 255-56. Under the first requirement of Section 3582(c)(2), the Third Circuit found that the defendant was eligible for a sentence reduction because his sentence was based on the Crack Cocaine Guidelines that were subsequently lowered. Id. at 258-60.

We find that the cases involving career offender guidelines and their progeny are not disturbed by Justice Sotomayor's analysis in Freeman. In

10

fact, the cases involving career offenders dictate the same inquiry as Justice Sotomayor's concurrence– the district court must determine the basis or foundation of the defendant's term of imprisonment.  If the basis for defendant's sentence is the amended Crack Cocaine Guideline, then he is eligible for a sentence reduction.  However, if the defendant was sentenced pursuant to the Career Offender Guidelines, even for an offense involving crack cocaine, he is not eligible for a sentence reduction, as his applicable guideline range is not altered by the amendments.

In using the framework provided by Justice Sotomayor, along with the Third Circuit precedent regarding career offenders, we will address the two requirements of Section 3582(c)(2).  As explained below, the language in Carrigan's plea agreement does not clearly indicate whether his sentence was based on the Crack Cocaine Guidelines or the Career Offender Guidelines.  However, while the basis of the sentence is unclear under the first of Section 3582(c)(2)'s conditions, we find that Carrigan cannot satisfy the second requirement because his applicable guideline range was not lowered by the subsequent amendments.  Because Carrigan cannot satisfy both conditions under Section 3582(c)(2), he is not eligible for a sentencing reduction.   We will address each of these requirements, in turn.

**1. Whether Carrigan's sentence was based on a sentencing guideline range that was subsequently lowered by the Sentencing Commission**

Justice Sotomayor's concurrence indicates that we must look at the relevant language in the plea agreement to determine the basis of Carrigan's sentence.  Carrigan's plea agreement states that he agrees to plead guilty to conspiracy to distribute in excess of 50 grams of crack

cocaine and 500 grams of cocaine.  (Plea Agreem. ¶ 1 (Doc. 228)).  The maximum penalty for the offense is life imprisonment and the mandatory minimum is ten years imprisonment.  (Id. ¶¶ 1, 3).  The relevant portion of the agreement which provides the term of imprisonment states, "[f]or the reasons and under the authority set forth in paragraph 12 of this agreement, the defendant and the government agree that the appropriate sentence for the offense is imprisonment for a period of 110 months." (Id. ¶ 4).

> Paragraph 12 of the agreement provides:
>
>> The defendant has agreed to cooperate with the United States.  Upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) or Section 5K1.1 of the United States Sentencing Guidelines, the United States may request the Court to depart below any applicable mandatory minimum range and/or the guideline range when fixing a sentence for this defendant.  As reflected in Paragraph 4 of this Plea Agreement, the United States will specifically recommend the District Court impose a 110-month sentence of imprisonment, to be followed by a five-year term of supervised release.

(Id. ¶ 12).  The agreement also states that the Sentencing Guidelines will apply to Carrigan's sentence:

> With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:
>
>> (a)   The defendant was involved in, and it was readily foreseeable to him that the conspiracy was involved in, the distribution and possession with intent to distribute more than 50 grams and less than 150 grams of cocaine base, and more than 500 grams and less than 2 kilograms of cocaine.
>
> The parties agree that a sentence as outlined

>   above is a reasonable sentence under the facts and circumstances of this case.

(Id. ¶ 11).

In looking to the language contained in Carrigan's plea agreement, it appears that Carrigan's sentence was "based on" the Sentencing Guidelines. The agreement provides that the guidelines will apply to Carrigan's conduct. It states that the recommendation of 110 months is reasonable under the facts and circumstances, particularly noting the drug quantities involved. The drug quantities are used in calculating the offense level, which, combined with the criminal history category results in an applicable sentencing range. The plea agreement also suggests that the Sentencing Guidelines was a starting point for the parties negotiations, while Carrigan ultimately received a downward departure due to his substantial assistance.

However, unlike Justice Sotomayor's method of arriving at the applicable sentencing guideline range in Freeman, we cannot construct Carrigan's sentencing range based only on the information contained in the plea agreement. See Freeman 131 S. Ct. at 2699 (Sotomayor, J., concurring) (using the following components in the plea agreement: the term of imprisonment, the minimum sentence for the offense, the defendant's offense level as determined by the drug quantity and reduction for acceptance of responsibility and the anticipated criminal history category). While we can determine the offense level based on the drug quantity in the plea agreement, there is no criminal history category. The agreement only provides the term of months and does not state the sentencing guideline range. Furthermore, Carrigan received a downward departure for substantial assistance, but the plea agreement does not

indicate what sentencing range they were departing from. (Plea Agreem. ¶ 12 (Doc. 228)).

Also, notably absent from Carrigan's plea agreement is the fact that he was a career offender. Both Carrigan and the Government argue that Carrigan's career offender status was used, at least in part, to determine the applicable sentencing guideline range. The Government contends that Carrigan was sentenced pursuant the Career Offender Guidelines. Carrigan concedes his career offender status was used to calculate the Pre-Sentence Investigation Report and that he had a Criminal History Category VI.[6] Carrigan also requests that the court make a two-level reduction within the Criminal Category History VI in arriving at his new sentence under the amended guidelines. The court questions whether the parties used the Crack Cocaine Guidelines or the Career Offender Guidelines when referencing the broad term "Sentencing Guidelines" in the plea agreement. This distinction is important because Carrigan's eligibility for the relief he seeks is determined by the guidelines used.

It is not the case that we can conclude the Crack Cocaine Guidelines were the foundation of Carrigan's sentence merely because the parties may have consulted the Guidelines in negotiations or by reference. Freeman, 131 S. Ct. at 2696 (Sotomayor, J., concurring). It is also not the case that the parties may have consulted the Career Offender Guidelines as a starting point and therefore the plea agreement was based on Carrigan's status as a career offender. See United States v. Wright, 440 F. App'x. 156, 158 (quoting Mateo, 560 F.3d at 155) ("We have already

---

[6] "A career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1.

determined that the language of § 3582(c)(2) 'clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of the calculus.'"). Furthermore, Justice Sotomayor discouraged a "free-ranging search through the parties' negotiation history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it." Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring).

The court cannot determine whether the basis for Carrigan's sentence was the Crack Cocaine Guidelines or the Career Offender Guidelines. While the plea agreement can be seen as demonstrating the parties' intent to base the term of imprisonment on the sentencing guidelines, it does not specify which provision of the guidelines. Such a distinction in a case involving a career offender determines eligibility for a sentencing reduction. In the instant case, the satisfaction of the first requirement of Section 3582(c)(2) is of less importance because we find that Carrigan cannot meet the second requirement.

**2. Whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission**

Under the second requirement of Section 3582(c)(2), a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Policy statement § 1B1.10 provides that a sentence reduction based on a retroactive amendment is not consistent with that policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011). The policy statements are

binding on the court.  See Dillon v. United States, -- U.S. --, 130 S. Ct. 2683, 2690-91 (2010).  For the following reasons, we find that the applicable sentencing guideline was the Career Offender Guideline and, therefore, Carrigan is not eligible for a sentence reduction.

The court notes that Justice Sotomayor's decision in Freeman does not alter the court's analysis of the second requirement under Section 3582(c)(2).[7]  We find that Justice Sotomayor's analysis primarily dealt with the first requirement of Section 3582(c)(2)–whether defendant's sentence was "based on" the amended guideline range.  Her reasoning did not change the analysis under the second requirement, which requires the district court to consider the applicable policy statements issued by the Sentencing Commission.  Justice Sotomayor determined that Freeman was eligible for a sentence reduction by applying the policy statements which exclude sentencing reductions that do not have the effect of lowering the applicable guideline range.  See Freeman, 131 S. Ct. at 2700 (Sotomayor, J., concurring) (citing U.S.S.G. § 1B1.10(a)(2)(B)).  Justice Sotomayor explained, "there can be no doubt that the Guidelines sentencing range originally used to establish Freeman's term of

---

[7] We respectfully disagree with the reasoning in United States v. Ware to the extent that it ignores the second requirement under Section 3582(c)(2). United States v. Ware, 2012 WL 38937, at *11 ("The Court concludes that 18 U.S.C. § 3582(c)(2), as interpreted by the Supreme Court in Freeman, authorizes the Court to reduce defendant's sentence even though the Application Note Commentary to USSG § 1B1.10 (2011 ed.) would bar relief.").  We find that the Sentencing Commission's policy statements are binding on the court and that Justice Sotomayor's analysis in Freeman still requires a district court to determine whether defendant's applicable guideline range was lowered by the subsequent amendments under the second requirement of Section 3582(c)(2).

16

imprisonment 'has subsequently been lowered by the Sentencing Commission . . . .'" Freeman, 131 S. Ct. at 2700 (Sotomayor, J., concurring).  She concluded that "Freeman's term of imprisonment satisfies the second of §3582(c)(2)'s conditions," which is that the sentence reduction was consistent with the applicable policy statements issued by the Sentencing Commission.  Id.; U.S.S.G § 1B1.10(a)(1).  Therefore, she did not change the two-step process mandated by Section 3582(c)(2).

In determining Carrigan's applicable guideline range, we look to the 2011 Amendments to Guideline § 1B1.10, as they are directly applicable to the relevant policy statements that remain untouched by Justice Sotomayor's concurrence.  See United States v. Hilliard, No. 05-175, 2012 WL 425968, at *4-5 (W.D. Pa. Feb. 9, 2012) (finding that the United States v. Flemming, 617 F.3d 252 (3d Cir. 2010) application of the policy statements no longer controls a district court's analysis "as the commentary to the latest version of § 1B1.10 resolves whatever ambiguity was present in prior versions of § 1B1.10 . . . .").

In 2011, the Sentencing Commission issued a new commentary addressing the definition of the applicable guideline range in §1B1.10.  It provides that the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10, cmt. n. (1)(A) (2011).  As this is the policy statement that is currently in place, we will use the commentary to determine Carrigan's applicable sentencing guideline range.  See id. n. 6 ("[T]he court shall use

the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).").

In the instant case, Carrigan seeks a sentencing reduction due to a retroactive amendment to the sentencing guidelines. Therefore, the amendment must have the effect of lowering his "applicable guideline range." Under the 2011 amendments, the applicable range is determined before Carrigan received any departure under the guidelines. Carrigan qualified as a career offender under guideline § 4B1.1. (PSR ¶¶ 25, 30). Carrigan's applicable guideline range was derived from the Career Offender Guidelines and was a term of 262 to 327 months imprisonment. Even though Carrigan received a departure for substantial assistance, his applicable guideline range was calculated before that departure. The amended Crack Cocaine Guidelines did not have the effect of lowering Carrigan's applicable guideline range. It would not be consisted with the policy statement to allow for Carrigan's motion for a sentencing reduction. Therefore, we will deny the motion.

**Conclusion**

For the above stated reasons, Carrigan is not eligible for a sentencing reduction under Section 3582(c)(2) because his applicable guideline range was not lowered by the sentencing guideline amendments. Accordingly, we will deny his motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **3:04cr250**
:
**v.** : **(Judge Munley)**
:
**ROBERT CARRIGAN,** :
               **Defendant** :

## ORDER

**AND NOW**, to wit, this 5th day of March 2012, upon consideration of Petitioner Robert Carrigan's motion under Section 3582(c)(2) to reduce sentence (Doc. 315), it is hereby **ORDERED** that the motion is **DENIED.** The judgment is reinstated.

**BY THE COURT:**

 **s/ James M. Munley**

**JUDGE JAMES. M. MUNLEY**
**United States District Court**